## Gulf, Colorado & Santa Fe Railway Company v. E. B. Holder & Co.

### No. 663.

1. **Common Carrier—Bill of Lading—Recitals—Presumption.**—Ordinarily the recital in a bill of lading that the goods were received in apparent good order makes a prima facie case against the carrier if they are afterwards delivered in an injured condition; but this does not apply where articles are so shipped in boxes, packages, etc., as to be subject only to external inspection, and in such case one suing the carrier for injury to the goods claimed to have occurred in transit, the boxes being delivered in apparent or exterior good order, must prove that the articles were not injured when received by the carrier.

2. **Same—Presumption in Case of Connecting Lines.**—Where goods are transported over connecting lines, the presumption is that each successive carrier received them in the same condition as when the shipper parted with them to the initial carrier.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. Ragsdale.

*J. W. Terry*, for appellant.—Where a bill of lading recites that the contents of packages are unknown, and that they are received in apparent good order, that is the only evidence that they were in apparent good order, and in the absence of any testimony that the goods were in fact in good order when delivered to the carrier, although it be shown that when opened at the place of destination they were in bad order, judgment for the plaintiff is not warranted, there being no sufficient evidence to show that the goods were in fact damaged by the

carrier, and were not damaged before delivery to the carrier. Hastings v. Pepper, 11 Pick., 41; Nelson v. Woodruff, 1 Black, 156–160; Tarbox v. Steamboat Co., 50 Me., 337; English v. Steamship Co., 2 Blatch., 425; The Columbo, 3 Blatch., 521; The California, 2 Saw., 12; Price v. Powell, 3 N. Y., 322; Railway v. Cowles, 32 Ill., 116–121; Clark v. Barnwell, 12 How., 272.

*Yoakum & Looney,* for appellees.—Where goods are damaged in transit, having been transported by successive carriers, the last carrier is liable, unless it proves that the damage did not take place on its line, and the burden of proof on this point is on it to so show.

RAINEY, ASSOCIATE JUSTICE.—Suit by appellees to recover of appellant damages alleged to have accrued by reason of injury to a certain soda-water fountain while being transported over appellant's line of railway. Judgment was rendered for appellees, from which this appeal was taken, the appellees filing cross-assignments of error.

Appellant insists that there should not have been a recovery, because plaintiffs failed to show that the soda-water apparatus was not injured when originally delivered to the Texas & Pacific Railway Company, from which company the appellant received it.

The apparatus was delivered to the Texas & Pacific Railway Company at Clarksville, Texas, whose agent executed a bill of lading stating that the contents of the boxes "were unknown and in apparent good order." The apparatus was delivered by the Texas & Pacific Railway Company to appellant at Paris, Texas, and appellant transported it to Wolfe City, where it was delivered to appellees in a damaged condition. Some parts of the apparatus were inclosed in boxes and the contents not exposed to view. There was nothing appearing from the exterior of the boxes to indicate that the contents were injured when delivered at point of destination. There was no proof as to the condition of the contents when delivered to the initial carrier, or that the injury resulted after delivery for transportation. The appellees rested upon the idea that, as the bill of lading stated the goods were in apparent good order, and being delivered at destination in an injured condition, the presumption would be that the injury was done while in transit, and the burden would be on appellant to relieve itself from liability, and failed to introduce any evidence as to the condition of the apparatus when delivered to the Texas & Pacific Railway Company. As a general rule, the recital in a bill of lading that the goods were received in apparent good order, makes a prima facie case against the carrier when the goods are delivered by it in an injured condition. But this does not apply when articles are shipped in boxes, packages, etc., and the articles not subject to inspection by the carrier.

The words "in apparent good order" in a bill of lading refer only to the external apparent condition of the goods, and such words create no contract with reference to the condition of the contents of the pack-

ages, bales, boxes, etc. Porter's Law of Bills of Lading, secs. 45, 46, 49.

"Where goods are delivered to a common carrier to be carried by a series of connecting lines to the point of destination, and the goods are delivered in a damaged condition to the consignee, the shipper must show in an action against the last carrier that the goods were delivered in a good condition to the first. The last carrier must then show affirmatively that the goods were not injured on its line. The presumption is, that the goods continue in the condition in which they were when the shipper parted with them." Porter on Bills of Lading, sec. 346.

If the goods are open to inspection when received by the carrier, then the production of his receipt reciting that they were in apparent good order, throws the burden upon him to rebut it. But should the goods be incased in boxes, and such are delivered without there being any external evidence of injury, and *are in apparent good order*, the plaintiff must show the good condition when delivered to the initial carrier.

The evidence in this case, in effect, shows that the apparatus was delivered to the consignees in *apparently* the same condition as when delivered to the initial carrier. Such being the case, it devolves upon plaintiffs to show that the injury was done to the apparatus after it was delivered to the initial carrier, and having failed to make such proof, the court erred in rendering judgment against appellant.

The cross-assignments of error relate to the refusal of the county judge to dismiss the certiorari, because of the insufficiency of the allegations of the petition, and of want of proper parties to the bond.

We are of opinion that the cross-assignments are without merit. The petition showed defendant to be entitled to relief, and the bond was sufficient under the facts of the case.

The judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered March 6, 1895.