## LANCASTER et al. v. NORRIS et al.*

(Court of Civil Appeals of Texas. Fort Worth. Nov. 29, 1924. On Appellees' Motion for Rehearing, Jan. 10, 1925. On Appellees' Second Motion for Rehearing, Jan. 31, 1925. On Motion for Rehearing, Feb. 7, 1925. Further Motion for Rehearing Overruled March 21, 1925.)

1. **Appeal and error 🔑1050(1)—Evidence 🔑167 — Permitting witness to give shorthand rendition of contents of book entries as to condition of vegetables at time of shipment held reversible error.**

In action for damages to vegetables in transit, where their condition at time of shipment was shown by book entries made by persons other than deponent, records constituted best evidence of their contents and what facts they prove, and hence it was reversible error to allow deponent to give shorthand rendition of their contents.

2. **Evidence 🔑317(10)—Evidence of superintendent of packing plant as to condition of vegetables at time of shipment held hearsay.**

In action for damages to vegetables in transit, where shipper's superintendent did not make book entries as to condition of vegetables at time of shipment, his evidence in deposition as to condition, based on records and knowledge generally of character of vegetables handled, packed, and shipped, was hearsay.

3. **Evidence 🔑377—Condition of vegetables at time of shipment being matter of record, entries provable only by person who made entries.**

Where condition of vegetables at time of shipment was matter of record entry, facts as to their condition were provable by person who made book entries, if living and available, who, by independent recollection, or from records used to refresh memory, could, under oath, verify his statements.

4. **Evidence 🔑577—When book entries or copies thereof admissible in proof of statements therein are admissible stated.**

Where condition of vegetables at time of shipment was matter of record, if person who made entries was dead or his testimony unobtainable, then record entries themselves, or competent copies thereof if originals were unobtainable, would be admissible in proof of statements therein, on showing that entries were made in regular course of business by per-

son whose duty it was to make them, and that his books were generally accurate and well kept.

**5. Carriers ⬡185(1)—Shipper must show delivery of goods to first carrier in good condition, and last carrier must then show that injury was not on its line.**

When goods carried by series of connecting lines are delivered in damaged condition, shipper, in absence of proof of negligence, must show in action against last carrier that goods were delivered in good condition to first carrier, and burden is then on last carrier to show affirmatively that they were not injured on its line, negligence being presumed in absence of such showing.

**6. Assignments ⬡134 — Assignment of claim against carrier for damages to goods in transit requires proof of execution by one authorized to make it.**

Assignment of claim against carrier for damages to vegetables in transit requires proof of execution by one authorized to make it, and is not within Rev. St. arts. 588, 1906.

On Appellee's Motion for Rehearing.

**7. Appeal and error ⬡232(2)—Objection to testimony not disregarded on ground that cross-interrogatory which showed its incompetence was not in evidence at time of objection.**

Where testimony in deposition was objected to as not best evidence and hearsay, and court's attention was directed to cross-interrogatory as disclosing that deponent was without personal knowledge, and counsel's statement was not questioned, and cross-interrogatory was later introduced, objection to testimony cannot be disregarded on ground that cross-interrogatories were not in evidence at time of objection.

**8. Appeal and error ⬡768—Appellate court held authorized to accept statements of counsel in briefs without searching statement of facts.**

The appellate court is authorized to accept statements of counsel in briefs, and is not required to search statement of facts to determine whether additional facts exist which require modification of ruling on proposition presented in brief.

**9. Carriers ⬡185(3)—Evidence held not to show negligence of delivering carrier in handling shipment of vegetables.**

In action for damages to vegetables in transit, evidence *held* not to show negligence of delivering carrier in handling goods after car was turned over to it by intermediate carrier.

**10. Judgment ⬡256(7)—Interest from date of alleged injury to date of judgment was unauthorized where jury made no finding of damages by way of interest.**

Where there was no finding of jury of damages by way of interest, or if there was such finding it was included in amount of verdict, trial court was unauthorized to add interest from date of shipment of vegetables to date of judgment.

**11. Appeal and error ⬡1173(1)—On reversal as to one carrier, judgment as to intermediate carrier affirmed in view of plaintiff's failure to except to finding and judgment.**

In action for damages to shipment of vegetables, where jury found that intermediate carrier was not negligent, and judgment discharged it from plaintiff's claim, and plaintiff presented no exception or cross-assignment of error, on reversal as to delivering carrier, judgment as to intermediate carrier will stand affirmed.

On Appellee's Second Motion for Rehearing.

**12. Carriers ⬡177(3)—Initial carrier of interstate shipment is liable for its own and intermediate carrier's negligence.**

Initial carrier of interstate shipment is liable to shipper for his damages in event they are caused by its own negligence or that of intermediate carrier.

**13. Appeal and error ⬡1173(1)—On reversal of judgment against delivering carrier for error, judgment absolving receiving carrier reversed also.**

In action for damages to interstate shipment of vegetables against several interstate carriers, on reversal of judgment against delivering carrier, judgment in favor of receiving carrier will be reversed also notwithstanding finding of jury absolving it from negligence to which no exception was taken, and which was not presented by cross-assignment of error.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by T. D. Norris, trustee of the Norris-Mitchell Company and others, against J. S. Lancaster and another, receivers of the Texas & Pacific Railway Company, and others. Judgment for plaintiff, and the defendants appeal. Affirmed in part, and reversed and remanded in part on rehearing.

Thompson, Barwise & Wharton and Fred L. Wallace, all of Fort Worth, for appellants.

C. A. Wright, of Fort Worth, for appellees.

CONNER, C. J. This suit was instituted by appellee to recover damages to a car load of vegetables, consisting of 75 crates of celery, 100 crates of lettuce, 10 sacks of carrots, 75 crates of cauliflower, and 8 boxes of rhubarb, alleged to have been sold by the California Vegetable Union of Nadeau, Cal., to Norris-Mitchell Company, wholesale dealers in such commodities in Fort Worth, Tex. It was alleged that the sale was made, and that the California Company, as we shall hereinafter designate it, on or about the 15th day of April, 1920, delivered to the Atchison, Topeka & Sante Fé Railway Company at Nadeau the vegetables in question; that the shipment was transported over several intermediate liens to Sweetwater, Tex., at which point it was delivered to the Texas & Pacific Railway Company, of which appellants J. L. Lancaster and Charles L. Wallace are re-

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ceivers, for transportation to Fort Worth. It was alleged, in substance, that the vegetables were delivered in Forth Worth in a greatly damaged condition, and damages were sought in the sum of $1,542.98, with interest at the rate of 6 per cent.

It was alleged that, at the time of the sale and shipment in question, the Norris-Mitchell Company was a corporation which later, in December, 1920, had duly dissolved; that at the time of and before said dissolution the plaintiff was the president and manager thereof, and as such he sued. It was further alleged, in effect, that the Norris-Mitchell Company was the owner of the cause of action, and that hence plaintiff as such manager or trustee was entitled to sue, or, if mistaken in the allegation that the Norris-Mitchell Company was the owner of the cause of action at the time of the accrual thereof, that the California Company, acting by its president, had duly executed an assignment of the cause of action upon which plaintiff also declared.

So far as necessary to notice, the defendant pleaded a general denial.

The case was tried before a jury and submitted on special issues. The jury found that the shipment of vegetables had been damaged by the appellants in the sum of $942.99, on which verdict the court rendered a judgment in favor of the appellee T. D. Norris against the appellants for said sum, with interest at the rate of 6 per cent. from April 17, 1920.

[1] We conclude that the judgment must be reversed because of the error complained of in the third, fourth, and eighth propositions under the sixth, seventh, eighth, ninth, and twelfth assignments of error. For the purpose of proving that the vegetables in question, at the time of their delivery by the California Company to the initial carrier, were in good condition, appellee offered the deposition of one C. L. Fisher, who testified on direct examination that for many years he had been employed in the capacity of superintendent of the Nadeau packing plant of the California Vegetable Union, and was so employed at the time of the taking of his deposition and that:

"There was loaded in this car (the car in which the shipment was made) 75 crates of cauliflower, 75 crates of celery, 100 crates of lettuce, 10 sacks of carrots, and 8 boxes of rhubarb, all of which were in good condition. These vegetables were all sound, in good condition, and of good quality when loaded into the car; the cauliflower was fresh and with green jackets; lettuce was firm to fairly firm, was crisp and green; carrots were medium size, well trimmed, sound and of good quality; rhubarb was of No. 1 quality and in sound fresh condition; celery from the Sacramento river district of California was crisp, well bleached, and fresh, sound and in good condition. The car was completely loaded and ready to move April 5, 1920. The cauliflower in this car was packed in crates, heads up, one layer to the crate; lettuce was packed three layers to the crate, with ice between the layers, heads up; carrots were in sacks; rhubarb packed in crates, 30 pounds to the crate stalks laid flat; celery packed in crates with tops up, 4½, 7 dozen to the crate."

The witness further testified to the effect that he had examined or inspected the vegetables in question first while in field crates with tops off and later during the process of packing in the regular shipping crates. To all of the testimony of witness Fisher so given, appellants objected on the ground that, by the answers of the witness to cross-interrogatories, it appeared that his testimony was based upon records not kept by himself, and hence that the "records are the best evidence of the testimony of the man who made the records." At the time of the objection, as the bill of exception before us shows, the court's attention was called to the answer of the witness to the tenth interrogatory, which was later introduced before the court. The tenth interrogatory and its answer is as follows:

"It is true, is it not, Mr. Fisher, that you do not at this time have any personal recollection of having inspected this particular car, but that your testimony is based entirely upon an affidavit that you made before L. G. Fleisher on September 20, 1920. Answer: It is true that at this time I have no personal recollection of having inspected this particular car; my testimony is not based on affidavit made by me on September 20, 1920, before L. G. Fleisher, but on my records and knowledge generally of the character of vegetables handled, packed, and shipped."

Also the defendant's cross-interrogatory and answer thereto, which are as follows:

"In testifying in answer to any of the direct interrogatories, have you consulted any records made by you or by any one else? If so, then please state which interrogatories you answered after consulting such records, and state when and by whom such records were made, and attach the originals of all such records to your deposition. If you decline to attach the originals of such records, then please state why you declined, and attach true copies thereof, causing the notary to mark same for identification. Answer: I consulted my records in answering all of the direct interrogatories with the exception of Nos. 1, 2, and 4. These records were made by parties who were working under me at the time. The original records are in general office of the California Vegetable Union; copies of them are attached hereto, which, for identification, are marked "Exhibit A, B, C, D, and E and F."

[2-4] We do not find the exhibits to which the witness refers in his answer, nor was evidence offered in behalf of appellee tending to show that the records referred to by the witness were correctly kept and entered during the regular course of business, or that the person making the records was deceased, or that his testimony was unobtainable. No other witness testified to the condition of the

vegetables when delivered to the initial carrier, and it is evident that the essential facts as to the condition of the vegetables at the time of the shipment rest upon book entries made by some person or persons other than the witness, for the witness said he had no personal recollection of facts stated by him. The records themselves, therefore, constitute the best evidence of their contents and what facts they prove, and to allow this witness in effect to give a shorthand rendition of such contents would be to violate elementary rules of evidence. In other words, the witness was permitted to give, in substance, the written statements of a person or persons other than himself who had not been produced as a witness, not shown to be deceased, and whose book entries had not even been authenticated. The testimony of Fisher is accordingly hearsay, and it was objected to on this ground also. The facts stated by him should have been proven by the person who made the book entries, if living and available, who, by reason of independent recollection, or from his records used to refresh his memory, could under oath verify the truth of his statements. Or if such person be dead or his testimony unobtainable, then the record entries themselves (or competent copies thereof if the originals are unobtainable) would be admissible in proof of statements therein made, upon its being shown that the records or entries had been made or entered during the regular course of business by the person whose duty it was to make such entries, and that his books were generally accurate and well kept. See Greenleaf on Evidence, vol. 1 (15th Ed.) § 115 et seq.; Jones' Blue Book on Evidence, vol. 3, §§ 518, 571, 575; 22 Corpus Juris, p. 862, § 1034 et seq.; Union Bank v. Knapp, 3 Pick. (Mass.) 96, 15 Am. Dec. 181, and cases cited in note; Fidelity & Deposit Co. v. Texas Land & Mortgage Co., 40 Tex. Civ. App. 489, 90 S. W. 197; St. L. S. W. Ry. Co. v. McLeod (Tex. Civ. App.) 115 S. W. 85; Edwards v. Adams (Tex. Civ. App.) 122 S. W. 898; Cathey v. M. K. & T. Ry. Co. (Tex. Civ. App.) 124 S. W. 217.

[5] In order to recover the damages sought it was essential for the appellees to establish the liability of appellants therefor by showing some act or omission amounting to negligence on the part of appellants, their servants or employees which caused the damages claimed. Or, in the absence of such showing, to show that the goods or merchandise were delivered to the initial carrier in good condition and on arrival at their final destination were delivered in the damaged condition, in which case the law will cast the burden of proof upon the final carrier to show that the damage was not caused by any act or omission amounting to negligence on its part, and in the absence of such a showing its negligence will be presumed. The rule is thus stated in an approved quotation to be found in the opinion of Judge Rainey in the case of G. C. & S. F. Ry. Co. v. Holder (Tex. Civ. App.) 30 S. W. 384, to wit:

"Where goods are delivered to a common carrier to be carried by a series of connecting lines to the point of destination, and the goods are delivered in a damaged condition to the consignee, the shipper must show, in an action against the last carrier, that the goods were delivered in a good condition to the first. The last carrier must then show affirmatively that the goods were not injured on its line. The presumption is that the goods continued in the condition in which they were when the shipper parted with them."

In this case appellee does not rely upon any act or omission amounting to negligence on the part of appellants after the receipt of the vegetables for carriage on the railway lines of which they are receivers, but has rested his case upon the testimony of Fisher, as hereinbefore detailed, and the presumption of law above stated. Fisher's testimony being material and objectionable, as we have endeavored to show, the judgment must be reversed as before stated.

Appellants present several other objections to the proceedings below, but they are such as we think can, in the light of criticisms made in appellants' brief, be easily avoided on another trial, and we will, therefore, but briefly notice them. We think the court gave the proper measure of damage in his charge to the jury, and the objection that the evidence did not conform to or support the verdict can probably be made to conform to the rule as given in the charge. The objection that the court in the judgment added interest to the amount of damages as found by the verdict, on the ground that interest in this character of case is not recoverable in the absence of a pleading to support it, seems well taken. See Railway Co. v. Lyon (Tex. Com. App.) 243 S. W. 973.

[6] Appellee offered in evidence an assignment of the cause of action by the California Vegetable Union, to which objection was made on the ground that no proof of its execution was offered. We are inclined to the view that this instrument requires proof of execution by one authorized to make it, and is not one that comes within the purview of articles 588 and 1906, Rev. Statutes. Such proof, therefore, should be made on another trial unless appellee is content to rely upon other evidences of ownership.

No other question occurs to us as having sufficient importance to require discussion, and we accordingly conclude that, for the error discussed, the judgment should be reversed and the cause remanded.

#### On Appellees' Motion for Rehearing.

[7] Appellees with much force insist that we were in error in sustaining the objection made to the testimony of the witness Fisher. Among other things, they insist that the

objection to the testimony should be disregarded on the ground that the cross-interrogatories of the witness, which developed his want of personal knowledge, was not introduced in evidence and before the court at the time of the objection. Counsel for appellants, however, as it appears from the bill of exception, made his objection and called the court's attention to the fact that by a cross-interrogatory of the same witness in the same deposition disclosed that he was without personal recollection of the condition of the vegetables at the time they were loaded for shipment in California. This statement of counsel was not questioned by counsel for appellees nor by the court, and the cross-interrogatory was in fact later introduced, and we think it would be quibbling to hold that, on the ground suggested, we should decline to sustain the objection and dispose of it as we did in our original opinion.

It is further insisted with great earnestness, that regardless of the testimony of Fisher there was other evidence which authorized the conclusion that the vegetables were in good condition at the time they were loaded for shipment, to wit, it is alleged that the bill of lading which was offered in evidence recited that such vegetables were in apparent good condition except as otherwise noted, and that no notation to the contrary was made upon the bill of lading. The record, however, shows without dispute that the bill of lading was issued by the initial carrier and by the shipper attached to a draft and forwarded to a Fort Worth bank and never came into the possession of appellant carriers. Under such circumstances, it seems quite clear under the authorities that the terminal carrier is not bound by mere recitations of the character indicated. See T. & P. Ry. Co. v. Kelly (Tex. Civ. App.) 74 S. W. 343; I. & G. N. Ry. Co. v. Diamond Roller Mills Co. (Tex. Civ. App.) 82 S. W. 662; G., C. & S. F. Ry. Co. v. Holder, 10 Tex. Civ. App. 223, 30 S. W. 383.

[8] In our original opinion we stated that appellees did not rely upon any act or omission amounting to negligence on the part of appellants after the receipt of the vegetables on the railway lines of which appellants are receivers, but rested their case upon the testimony of Fisher, to the effect that the vegetables were in good condition at the time they were loaded for shipment in California. This statement was made in view of the fact that appellees in their brief referred to no evidence tending to show that after the receipt of the goods by appellants there was any act or omission tending to show negligence on the part of the Texas & Pacific Railway Company. Under the rules, we were authorized to accept the statements of counsel in their briefs, and were not required to search the statement of facts in order to determine whether some additional fact existed which would require a modification of a ruling made upon a proposition presented in the briefs. Hence, this statement was made as indicated.

[9] Appellees now, however, insist that, regardless of Fisher's testimony and the presumption of negligence relied upon, there was evidence of negligence on the part of the appellants, their agents, and servants. In view of the earnestness with which counsel for appellees presents his motion for rehearing, the writer, and at least one other member of this court, has carefully searched the statement of facts and find that the car of vegetables in question were loaded on the car for shipment at Nadeau, Cal., and left that point on its way at 5 p. m. on the 5th day of April, 1920, and arrived at Sweetwater, Tex., at 4 a. m. on the 11th day of April, 1920; that it was delivered to and came into possession of the Texas & Pacific Railway Company at 1 p. m. on the 16th day of April, 1920. That the car left Sweetwater over the Texas & Pacific Railway Company at 6:30 p. m. on the same day on the first train, and arrived in Fort Worth and was placed upon the unloading docks about noon on the 17th day of April, 1920, which, according to testimony that we do not find contradicted, was substantially according to the schedule time of such trains running between Sweetwater and Fort Worth. Mr. Holloway, a car clerk at Sweetwater at the time, testified that he found the bunkers of the car at the time of its receipt three-fourths full of ice, and appellant himself testified to the effect that the car was three-fourths full of ice, or approximately so, when sent to the warehouse on Saturday afternoon, and remained there the rest of Saturday and Sunday, the 18th of April; that no ice was placed in it Sunday, and "there would be some little deterioration during Sunday and Saturday afternoon—bound to be." Appellee further testified that in his experience "a car should have had the bunkers kept three-fourths full in there and better, if possible."

Appellee made no request for a submission to the jury of an issue of whether the Texas & Pacific Railway Company, its agents or employees, were guilty of negligence in failing or refusing to receive the car immediately upon its arrival at Sweetwater, or in a failure to properly ice the car after its receipt, and there is no finding of the jury on either of such issues. On the contrary, the only issues relating to this subject submitted by the court was one requiring a finding of whether the car was in a good condition at the beginning and another whether it was bad at the termination of the transportation. So that we feel ourselves entirely unable to affirm the judgment on the theory that the appellant railway company has been guilty of negligence, regardless of the state of the

proof as to the condition of the vegetables at the time they were shipped at Nadeau, Cal.

[10] So far as we indicated in our original opinion, that the objection to the court's action in adding interest to the amount of damages as found by the jury was well taken for want of a pleading to support it, we were in error. The matter was only referred to incidentally and hurriedly and not made the basis of reversal, and hence the inaccuracy inadvertently arose. What we should have said and now say is that the objection to this action of the court was on the ground that there was no finding by the jury for damages in the way of interest, or if there was such finding it was included in the amount found by them, to wit, $942.99. We think there can be no doubt but that this objection was well taken. San Antonio & A. P. Ry. Co. v. Addison, 96 Tex. 61, 70 S. W. 200; San Antonio v. Pfeiffer (Tex. Civ. App.) 216 S. W. 207; Davis v. Morris (Tex. Civ. App.) 257 S. W. 328. We conclude that appellees' motion for rehearing should be overruled.

[11] The Atchison, Topeka & Santa Fé Railway Company and Panhandle & Santa Fé Railway Company, defendants in the court below, request that our original opinion and judgment of reversal be so corrected as to show that the reversal of the judgment does not apply to these companies, and we think the motion must be granted. Our failure to so indicate in the first instance was but a mere inadvertence, for the record shows without dispute that in answer to special issues the jury expressly found these two defendants were not guilty of negligence in the handling or in the transportation of the shipment in question, and the judgment as distinctly discharged these defendants from the claim of plaintiff, and the plaintiff, appellee in this court presented no exception to the jury's finding or the judgment in this respect, and presented in this court no cross-assignment of error which would authorize us to reverse the judgment below in favor of these particular defendants. Our original opinion and judgment will accordingly be so reformed as to show that the judgment below is reversed as to the appellant receivers of the Texas & Pacific Railway Company alone, but in all other respects is left undisturbed.

On Appellees' Second Motion for Rehearing.

Upon a former day of this term, upon the application of the Atchison, Topeka & Santa Fé Railway Company and the Panhandle & Santa Fé Railway Company, this court by its opinion and order so corrected its original judgment reversing this cause as to leave the judgment in favor of the two railway companies just named undisturbed, and appellee now presents an application for the filing of a second motion for rehearing. It will be granted, and the clerk is ordered to file the same, and the motion will be set down for hearing in its due order, to the end that argument and authorities, which we invite, may be submitted upon the question hereinafter stated.

[12] As stated, in disposing of the Atchison, Topeka & Santa Fé Railway Company and the Panhandle & Santa Fé Railway Company, the jury in the court below in answer to special issues found that neither of said companies was guilty of negligence in the shipment involved in this litigation, and the trial court in entering judgment upon these issues expressly found in their favor and entered judgment that, as to these companies, the plaintiff should take nothing and pay costs. In view of this condition of the record, we are still of the opinion that appellee has no cause of complaint as to the Panhandle & Sant Fé Railway Company, and that as to that company at least we were correct in leaving the judgment below in its favor undisturbed. But a different principle perhaps applies in the case of the Atchison, Topeka & Santa Fé Railway Company. That company was the initial carrier in the shipment, and, under the federal laws relating to the shipment, it being an interstate one, it is made liable to a shipper for his damages in event they are caused by its own negligence or the negligence of an intermediate carrier, and hence it would seem, according to the authority of Burd v. San Antonio So. Ry. Co. (Tex. Com. App.) 261 S. W. 1021, by the Commission of Appeals, that the special finding in this case that the Atchison, Topeka & Santa Fé Railway Company was immaterial in view of the fact that the jury did find that the receivers of the Texas & Pacific Railway Company were guilty of negligence.

The point upon which we solicit argument and authority is whether, in view of the record, it should be held that the appellee herein, by his failure in the court below to object to the submission of the special issues relating to the Atchison, Topeka & Santa Fé Railway Company and to the judgment of the court in its favor with no complaint thereof by cross-assignment or otherwise in this court, amounts to such waiver or abandonment of appellee's cause of action against that company as to require us to leave the judgment below in its favor undisturbed, or, on the contrary, should we hold that the judgment of the court below in favor of the Atchison, Topeka & Santa Fé Railway Company is error of such a character as that appellee is entitled to claim relief?

The clerk is directed to notify counsel for appellee and for the Atchison, Topeka & Santa Fé Railway Company of this order of setting.

On Motion for Rehearing.

On a former day, as will be seen from our opinion disposing of appellee's first motion

for rehearing, filed on the 10th day of January, 1925, we, at the request of the Atchison, Topeka & Santa Fé Railway Company and the Panhandle & Santa Fé Railway Company, reformed our original judgment so as to leave the judgment of the court below in favor of these companies undisturbed. The reason for such ruling, as indicated in said opinion relating to the subject, was based upon the fact that, on the trial below, the court submitted special issues, in answer to which the jury found that each of said companies was without negligence, and that the judgment of the trial court distinctly discharged each of these defendants from the claim of plaintiff, and that the appellee had presented in this court no exception to the jury's findings or to the judgment in these particulars, and presented no cross-assignment of error calling for action upon the part of this court in respect to these companies.

On reviewing the question, however, in considering appellee's second motion for rehearing, doubt arose in our minds as to whether we were correct in leaving the judgment undisturbed as to the initial carrier, the Atchison, Topeka & Santa Fé Railway Company, and leave to file the second motion for rehearing was accordingly granted, and the motion set down for submission and argument, and authorities invited upon the question of whether the judgment should be reversed as to said initial carrier, as will be seen by opinion filed on January 31, 1925.

In the case of Burd v. San Antonio Ry. Co., 261 S. W. 1021, it was held, by Section B of the Commission of Appeals, in an opinion approved by the Supreme Court, that, in interstate shipments, as here, the initial carrier under federal laws referred to was liable as a matter of law for negligence shown on the part of the terminal or any intermediate carrier, and that hence a special finding that the initial carrier was without negligence was immaterial and should be disregarded. It seems clear under the federal authorities that a plaintiff in an interstate shipment is not compelled to sue the initial carrier but may, if he chooses, rely upon the terminal or any intermediate carrier. See Chicago & N. Y. Ry. Co. v. Whitback Produce Co., 258 U. S. 369, 374, 42 S. Ct. 328, 66 L. Ed. 665. So, too, this court so held, in effect, in the recent case of Fort Worth & Denver City Ry. Co. v. A. D. Ryan, No. 10921, 271 S. W. 397, in an opinion not yet [officially] published. We also think a plaintiff having sued the initial carrier may, if he chooses, abandon his suit as to such carrier by nonsuit or otherwise, and elect to rely upon the negligence of an intermediate or terminal carrier; and we hence were disposed to the view that the failure of the appellee to complain of the judgment against the Atchison, Topeka & Santa Fé Railway Company and the Panhandle & Santa Fé Railway Company amounted, in effect, to an abandonment of the plaintiff's cause of action as to these two companies.

[13] We yet are not fully convinced that this view is not correct, but, in view of the finding of the jury that the appellant, the terminal carrier, was guilty of negligence and of the rulings in the Burd Case, it perhaps should be said that the action of the court in rendering judgment in favor of the Atchison, Topeka & Santa Fé Railway Company constitutes error apparent of record of such character as to be now available to appellee. We hence have finally concluded to resolve the doubt in favor of appellee and to hold that we were in error in leaving undisturbed the judgment in favor of the Atchison, Topeka & Santa Fé Railway Company. As to the Panhandle & Santa Fé Railway, however, we yet retain the view that the condition of the record already recited precludes appellee from any cause of complaint as to that company. Other questions presented in appellee's first and second motions for rehearing will be overruled for reasons given in our several opinions, but our original judgment will be so reformed as to reverse the judgment as against the appellants, receivers of the Texas & Pacific Railway Company, and as against the Atchison, Topeka & Santa Fé Railway Company, but left undisturbed as to the Panhandle & Santa Fé Railway Company.