The TEXAS AND PACIFIC RAILWAY COMPANY, Appellant,

v.

Clovis GEORGE, d/b/a Clovis George Tire Company, Appellee.

No. 17194.

Court of Civil Appeals of Texas, Fort Worth.

April 23, 1971.

Minor & Knight, and Tom D. Jester, Jr., Denton, for appellant.

Hopkins & Kelsey, and Richard H. Kelsey, Denton, for appellee.

## OPINION

MASSEY, Chief Justice.

A judgment against a defendant carrier for a freight loss absent findings for the shipper as to condition of the item at time it was received for shipment may be sustained only in the event questions relating thereto are resolved as a matter of law.

In this case judgment was rendered for the plaintiff shipper, Clovis George, upon the negative or "No" finding returned to the following special issue:

"Do you find from a preponderance of the evidence, if any, that the television set shipped to Clovis George on November 26th, 1968, was not damaged while under the care and custody of the Texas and Pacific Railway Company?"

A negative finding to such inquiry constitutes a failure by or refusal of the jury to find *for the carrier* that the television set (which was in broken damaged condition at time it was delivered) had not sustained damage while it was in the possession of the carrier. However, the shipper is availed nothing thereby. Such a finding does not discharge any part of the shipper's burden of proof. See 11 Tex. Jur.2d, p. 172, et seq., "Carriers", Sec. 403 et seq., under "Carrier's Liabilities—Injury to Goods".

Apparent in the brief of the shipper is his misconception of the holdings of *Missouri Pacific Railroad Co. v. John B. Hardwicke Co.*, 380 S.W.2d 706, 708 (San Antonio Tex.Civ.App., 1964, no writ history). Such misconception was the result of inadvertent language (on page 708) reading as follows: "In Yeckes-Eichenbaum, Inc. v. Texas Mexican Ry. Co., 263 F.2d 791 (Fifth Cir.Ct.) the Court distinguished 'breakage claims' from claims due to the nature and condition of the commodity. Where damage occurs from breakage, the burden is upon the carrier to show that the lading had sustained this damage prior to delivery to the carrier. * * *" We regard the language quoted as an incorrect statement of the law to be applied to the initial carrier where a plaintiff shipper is obliged to discharge a burden of proof of showing the condition and/or value of goods shipped. The remainder of the opinion makes it apparent that the San Antonio Court in no respect used it in such context as predicate for an affirmance of the judgment of the trial court.

Yeckes-Eichenbaum, Inc. v. Texas Mexican Ry. Co., 263 F.2d 791 (U.S.C.A., 5th Cir., 1959) does not support the statement made by the San Antonio Court. In such case, as was likewise true in *Hardwicke*, the defendant was an intermediate carrier and there was concern with rules applicable in instances where the intermediate carrier desires to escape liability by showing that the damage to goods shipped, discovered at point of delivery, had occurred prior to the time such intermediate carrier was in possession. It was relative to such character of defense that the quoted statement was made in the *Hardwicke* opinion.

*Yeckes-Eichenbaum* does deal with the matter of a carrier's endorsement upon a bill of lading or shipping receipt to the effect that as of the time goods or items were received by it for shipment (or trans-shipment) they were in apparent good order and condition. This matter is important to the instant case because the Shipping Order incorporated the carrier's acknowledgment that it had in Dallas, Texas received "1 BXS. TELEVISION SETS (Box Type)" to be delivered to Clovis George Tire Company in Denton, Texas "in apparent good order, except as noted (*contents and condition of contents of packages unknown*), * * *." (Emphasis supplied.)

The admission, so called, on the part of the carrier would be evidentiary in any event and not conclusive in absence of anything in supplement. Furthermore, the decisions of Texas courts follow what we believe to be the majority rule, i. e., that where there is a qualification of the bill of lading or shipping receipt wherein there is affirmative acknowledgment that article or articles received to be shipped were in "good order" or "apparent good order"—to the effect that the condition and/or contents of the packages shipped are unknown —the admission merely suffices to establish *prima facie* the fact that the external condition of the cases were in such condition, not extending to concealed contents. See 33 A.L.R.2d 867, 872, Anno.: "Carrier's issuance of bill of lading or shipping receipt, without notation thereon of visible damage or defects in shipment, as creating presumption or prima facie case of good condition when received", and Sec. 3, "Instruments acknowledging 'good' or 'apparent good' order or condition." See also 13 C.J.S. Carriers § 254, p. 538, "Presumptions and Burden of Proof—d. Condition of Goods When Delivered to Carrier"; 10 C.J., p. 371, Sec. 571, and cases under Note 66; Texas & Pac. Ry. Co. v. Empacadora De Ciudad Juarez, 309 S.W.2d 926, 936 (El Paso Tex.Civ.App., 1957, writ ref., n. r. e.); Matthews-Carr v. Brown Exp., 217 S.W. 2d 75 (El Paso Tex.Civ.App., 1948, no

writ history); Gulf, C. & S. F. Ry. Co. v. Holder, 10 Tex.Civ.App. 223, 30 S.W. 383 (1895, no writ history); Strickland Tr. Co. v. International Aerial Mapping Co., 423 S.W.2d 676 (San Antonio, Tex.Civ.App., 1968, no writ history); and Missouri Pacific Railroad Company v. Elmore & Stahl, 360 S.W.2d 839, 842 (San Antonio, Tex. Civ.App., 1962, affirmed 368 S.W.2d 99). That apparent admissions of this character are evidentiary merely is the holding of both Missouri Pac. Ry. Co. v. Ivy, 79 Tex. 444, 15 S.W. 692 (1891), and Missouri Pac. Ry. Co. v. Fennell, 79 Tex. 448, 15 S.W. 693 (1891), where there were shippers who had at varying points along the routes of shipment and/or at destination executed endorsements on bills of lading to the effect that their livestock was then and there in good condition, which fact was disputed on trial by the shippers.

■ In the instant situation the only evidence relating to the condition of the article to be shipped as of the time of its receipt for that purpose was to the effect that when the carrier picked up the television set in question in Dallas, Texas (not pursuant to any trans-shipment but at a warehouse where it had been in storage for some time) it was in a cardboard solid-sided carton; that without opening the carton it was impossible for the carrier to know the condition of the television set.

Under the provisions of Vernon's Ann. Tex.Civ.St., Title 25, "Carriers", Ch. 1, "Duties and Liabilities", Art. 885, "Must give bill of lading", the carrier would upon receipt of the television set have been obliged to give a written receipt, had such been demanded, stating its order and condition. To have done so with security the carrier would have been obliged to have the box opened; perhaps also to have connected it to a power outlet to test its operation. Such is not customarily done and was not done or demanded in the present instance. Any certification that the set was in good order and condition without opening the carton would, necessarily, have been upon someone's representation and

**662**

not upon any actual knowledge. That having been proven the defendant carrier's notation on the Shipping Receipt became devoid of substance as evidence.

■ The language of the receipt, standing alone, did not suffice to make out the plaintiff's *prima facie* case against the carrier. It did not establish any right to recover as a matter of law. Furthermore, the shipper failed to obtain a jury finding that when received by the carrier to be shipped to Clovis George Tire Company such television set was undamaged and in good condition.

■ However, the pleadings of plaintiff shipper contained allegations which, in the absence of special exceptions, entitled him to a judgment as a matter of law for at least the sum of $120.00 under the undisputed evidence. That was the amount admittedly received by the defendant carrier, Texas & Pacific Railway Company, as proceeds from its sale of plaintiff's television set. The set had been picked up by said defendant a few days after plaintiff filed his claim and sold as part of its railroad salvage sales activity.

Texas & Pacific Railway Company did not except to plaintiff's pleadings. The $120.00 was never tendered by pleadings or by proffer in court. Plaintiff had paid for the set and had also paid freight charges to the defendant carrier. Defensive pleadings consisted of a general denial only. Evidence relative to the defendant's constructive conversion and subsequent sale of plaintiff's television set was disclosed upon trial. The evidence relative thereto was sufficient to establish plaintiff's right to recover some amount, in consequence, as a matter of law.

Under these circumstances the defendant Railway Company would not be entitled to a rendered judgment. Rather would the proper order be one remanding the cause for another trial.

Judgment is reversed with the cause remanded.