CITIZENS' NAT. BANK OF WACO v. ABEEL.

(Court of Civil Appeals of Texas. Austin. July 5, 1913. On Motion for Rehearing, Nov. 19, 1913.)

1. TRIAL (§ 180*)—DIRECTED VERDICTS—DISCRETION OF COURT.

Where the court submitted the case to the jury it may, in its discretion, upon the inability of that body to agree, direct a verdict.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 405; Dec. Dig. § 180.*]

**2. GUARANTY (§ 14\*)—CONTRACTS OF SURETY-SHIP—CONSIDERATION.**

Where a shipment of produce was attached by another creditor after the bank had cashed a draft with a bill of lading attached, a statement to the bank by defendant, who was surety for other debts due the bank from the shipper, that he was responsible and would pay any amount which the bank might lose, was a mere naked promise which would not support an action; it not appearing that the bank agreed to defendant's request to extend the time for the shipper to dispose of the produce or that the extension of the time was for the benefit of defendant.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 13, 20; Dec. Dig. § 14.\*]

**3. FRAUDS, STATUTE OF (§ 23\*) — CONTRACT OF SURETYSHIP.**

Where defendant, who was interested in a produce company whose shipment had been seized under judicial process, stated to plaintiff bank, which had cashed a draft with a bill of lading annexed, that he would see that it lost nothing, the agreement fell within the statute of frauds, and is unenforceable, not being in writing; it not appearing that defendant had any lien or was otherwise interested in the property.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 18, 19; Dec. Dig. § 23.\*]

*On Motion for Rehearing.*

**4. APPEAL AND ERROR (§ 1033\*)—REVIEW—HARMLESS ERROR.**

In an action on several items, where the trial court had properly instructed the jury to find for defendant as to all but one, the action of the court in directing a verdict for plaintiff as to that item on the inability of the jury to agree cannot be held prejudicial to plaintiff, although it prevented a mistrial, and thus precluded plaintiff from trying the action again before another judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.\*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by the Citizens' National Bank of Waco against Alfred Abeel. From the judgment, plaintiff appeals. Affirmed.

O. L. Stribling, of Waco, for appellant. Sleeper, Boynton & Kendall, of Waco, for appellee.

KEY, C. J. Appellant sued appellee upon two items of alleged indebtedness, one amounting to $4,486.31 and interest, and the other amounting to $200 and interest. There was a jury trial, and, after the jury had reported that they were unable to agree, the trial court instructed a verdict for the defendant as to the larger item, and a verdict and judgment was rendered for the plaintiff as to the other item, and for the defendant as to the former, and the plaintiff has appealed and assigns as error the action of the trial court in the particulars referred to.

We have reached the conclusion that the judgment should be affirmed, and in so doing we hold:

[1] 1. That after submitting the entire case to the jury, and the report of that body that it was unable to agree, it was within the discretion of the trial court to direct a verdict for the defendant, as was done, and, upon the verdict so directed, to render judgment.

[2] 2. We also hold that the trial court properly instructed a verdict for the defendant as to the $4,486 item, for the reasons: First, that the plaintiff failed to prove the contract upon which the recovery was sought; and, second, the contract, if proved, was within the statute of frauds. Appellant bank sought to hold appellee Abeel liable upon the theory that he had entered into an oral contract, by the terms of which he became obligated to pay to the bank a debt then owing to the bank of the Texas Packing Company. The proof shows that the Texas Packing Company was engaged in the business of buying and shipping poultry and eggs; that it had shipped several cars from Waco to New York, had delivered to the bank the bills of lading and drafts drawn upon the consignees, which drafts the bank had cashed. When the shipments referred to reached their destination, it seems that the market was not satisfactory, and the packing company and appellee, Alfred Abeel, who was a surety for the packing company as to a large indebtedness to the bank, desired that the shipments referred to should be held in New York for a better market, while the bank, who was uneasy about its security for the money advanced on the shipments, seemed disposed to enforce its legal right, and have the shipments sold out, regardless of the condition of the market. This is the most favorable view that can be taken of the testimony as respects the circumstances under which it is alleged that Abeel agreed to pay the debt of the packing company. Appellant contends that the contract to pay that debt was assumed by appellee, acting in person, and by Mr. Black and Mr. McAshan, one cashier and the other vice president, acting for the bank. The proof shows that, on the occasion in question, notice had been received that one car of the poultry had been seized under a judicial attachment, and that a conference was held in the bank in reference to that matter; those present being appellee Abeel, Mr. Lacy, president, Mr. McAshan, vice president, Mr. Black, cashier of the bank, and Judge Sleeper, who was perhaps representing only appellee Abeel. Judge Sleeper informed the parties what steps were necessary to be taken in order to release the shipment that was attached; and, the conference having ended, Mr. Lacy and Judge Sleeper went into another room to confer about another matter, and Mr. Abeel, after starting to leave the bank, returned, and, according to the testimony of Mr. Black and Mr. McAshan, stated to them, in substance, that he was responsible, and that when the matter was closed up he would pay the bank

whatever loss it had sustained. Mr. Abeel gave a different version as to what he said; but, in disposing of the question under consideration, we leave his testimony out, and look alone to that in behalf of appellant. Both the witnesses referred to state that nothing more was said by either of them or by Mr. Abeel, and that the latter then left the bank.

Appellant makes the further contention that thereafter, while the shipments were handled in its name, in fact appellee was permitted to control the same, and that the instructions given by appellant as to the disposition of the property were given at the request of appellee, who was endeavoring to make the property sell for more than the amount for which it was pledged to the bank, in order that the surplus might be applied to the packing company's indebtedness to the bank, for which appellee was surety. If it be conceded that testimony was produced tending to support the contention referred to, still we are of opinion that the testimony falls short of showing that appellee became liable for the indebtedness of the packing company in the matter referred to. In the first place, the testimony of the witnesses McAshan and Black fails to show that a contract was entered into by which it was mutually agreed between the bank and Abeel that the former would pay to the latter whatever loss it might sustain on account of the advancements it had made on the shipments, and that the latter would forego its right to have the property sold at once. In fact, the testimony fails to show that either Mr. McAshan or Mr. Black made any promise whatever on behalf of the bank, and merely shows that Mr. Abeel, without any consideration whatever, declared that he was responsible and promised, or at least stated, that when the matter was settled up he would pay any loss that the bank might sustain. If this was a promise, it was without consideration, because there was no corresponding agreement or obligation upon the part of the bank to refrain from enforcing its right to have the property sold, or to do or not to do anything. In fact, it does not appear that the matter of appellant's right to force an immediate sale of the property, and appellee's desire that an immediate sale should not be made, was referred to, or had any connection with the statement and promise imputed to appellee by appellant's witnesses. So we conclude that the alleged promise on the part of appellee to pay the shortage referred to was without consideration, and did not constitute a binding contract.

[3] But we are also of opinion that, if it was supported by a consideration, it was merely an oral promise to pay the debt of another, and was within the statute of frauds. Appellant seeks to avoid the effect of the statute by the contention that testimony was submitted tending to show that appellee's primary purpose in making the promise was not to secure appellant's debt, but to obtain a pecuniary benefit for himself. The evidence fails to show that appellee had any lien upon the property, or was in possession of it, or would have had any right to control it but for appellant's prior right; and therefore we hold that the transaction comes within the purview of the statute of frauds, and appellant was not entitled to have the alleged contract enforced.

No error has been shown, and the judgment is affirmed.

Affirmed.

## On Motion for Rehearing.

All the questions presented in appellant's brief have been reconsidered upon appellant's motion for rehearing, and our conclusion is that the case has been properly disposed of. One of the complaints in the motion is that this court failed to make a correct statement as to how the case was disposed of in the court below. We were then, and are still, of the opinion that the controlling question in appellant's brief was whether or not the trial court committed error when it instructed the jury to return a verdict against the plaintiff as to all of its claim except the item of $200, for which a verdict was instructed against the defendant; and, as the losing litigant is required to pay the clerk of this court for recording its opinions, we did not suppose counsel for appellant would object to the use of brevity in the opinion in stating the controlling question. However, as he states in the motion for rehearing that he desires the opinion of this court to present accurately the facts as they appear in the record, we will elaborate our former statement by adding thereto that the trial court instructed the jury that all of the plaintiff's claim except the $200 item came within the statute of frauds, and therefore the plaintiff was not entitled to recover thereon, and at first submitted to the jury for their decision whether or not the plaintiff was entitled to recover as to the $200 item. The remainder of the record relating to that subject is stated as follows in appellant's brief: "The bill of exception shows that the court submitted for the jury's determination the liability of appellee for the $200; that the jury retired on October 30th, to consider their verdict, and on October 31st, after considering the case for more than 12 hours, returned into court and notified the court that they would not be able to reach a verdict. The court thereupon urged them to endeavor to reach a verdict and had them to further consider the case, and in the afternoon of that day plaintiff's attorney was notified to appear at the court's chamber, and, when he reached there, found the judge of the court and the attorney for the defendant. Whereupon the attorney for the defendant, in the presence of the judge, requested plaintiff's attorney to

agree that the court might instruct the jury to return a verdict for the plaintiff for $200, with interest, which plaintiff's attorney refused to do, giving as his reason therefor that he did not believe the jury would reach a verdict, and, in view of the peremptory instruction given the jury by the court as to part of plaintiff's cause of action, he would prefer having a mistrial rather than a verdict for $200, The judge thereupon stated that, if defendant would request the court to instruct the jury to return a verdict for plaintiff for $200, he would do so. Whereupon, at the request of the defendant, the court had the jury brought before him and instructed them to return a verdict for $200 for the plaintiff, which the jury did, to which instruction the plaintiff in open court objected, on the ground that the court had already charged the jury as to the law of the case and the giving of the special charge was improper and unwarranted, and was for the purpose of preventing the jury from failing to reach a verdict, and to deprive the plaintiff of the right of another trial in said court without the expense of an appeal; that the special charge given was not the court's view of the law of the case, as the court had already refused to charge the jury peremptorily to find for the plaintiff the said amount, but had submitted the same to the jury as an issue to be determined by them."

[4] It is also true that the action of the court referred to is assigned as error, and presented in appellant's brief, but its counsel, with commendable candor, says in the brief: "We understand that ordinarily the appellant would not be in a position to complain of the action of the court under similar circumstances; but here the court by giving a peremptory instruction was in all probability defeating the appellant in securing another trial of the case in that court under another judge, whose views of the law and the evidence might be entirely different from the views entertained by the presiding judge at the time of the trial."

It seems to us that it follows as a necessary corollary from the concession made in the statement quoted that, if the trial court ruled correctly on the other issue in the case, appellant cannot be heard to complain because that court instructed a verdict for it on the $200 item, upon the ground that if such peremptory instruction had not been given there might have been a mistrial and the case might have come up before another trial judge who would have made an erroneous and incorrect ruling as to appellant's other and larger claim. We cannot believe that the learned counsel who represents appellant would seriously insist upon the proposition that a particular act of the trial court which inured to the benefit of his client should be made the basis of a reversal, upon the theory that the action of the court re-

ferred to prevented his client from getting the case tried by another judge who would have ruled erroneously upon the main question in the case.

The correctness of the court's charge directing a verdict against the plaintiff for all except the $200 item was discussed and decided in our former opinion, and we adhere to the ruling then made.

Motion overruled.