## MITCHELL v. HEARD et al.
### No. 9746.

Court of Civil Appeals of Texas. San Antonio.

Nov. 4, 1936.

Rehearing Denied Dec. 2, 1936.

Sidney P. Chandler, of Corpus Christi, for appellant.

B. D. Tarlton, of Corpus Christi, for appellees.

BOBBITT, Justice.

Appellant, J. A. Mitchell, filed this suit against appellee Ira Heard, sheriff of Refugio county, Tex., in the district court of Nueces county, on the 31st day of May, 1932, seeking to recover damages for alleged false imprisonment and wrongful search in Nueces county.

The cause was tried to a jury, which returned a verdict in favor of appellee, and judgment was thereon rendered that appellant take nothing, and pay all costs. Appellant complains of such judgment and presents this appeal on affidavit of inability to pay costs in lieu of an appeal bond.

Stated briefly, the substantial facts are as follows: Appellee Ira Heard was sheriff of Refugio county, and went to Corpus Christi, in Nueces county, in search of parties who had robbed a bank in Refugio county. He called upon and was being aided in his search by other peace officers of the city of Corpus Christi and Nueces county. The sheriff had suspected one Bill Cartwright as being connected with the bank robbery, and in company with the said other officers detained him in Corpus Christi, and asked to search his room. Cartwright assented to such request and accompanied the officers to his room at the boarding house, or residence, of appellant in Corpus Christi. When Cartwright was detained, as above stated, it appears that appellant was at the same time detained, and he, too, was taken to his residence, or boarding house, along with Cartwright, and a search was made by the officers of his room or rooms in the presence of or after his wife

had gotten out of bed and dressed. It is claimed that appellant also gave the officers permission to search his premises, as had Cartwright. Appellee denies that he detained, searched, or arrested appellant, or had any part in the search of appellant's premises. Appellee denied that he in any way participated in the arrest, search, or imprisonment of appellant. It seems clear that appellee did not place any of the parties in jail, but that the other and local officers did place appellant in the Nueces county jail, where he was detained for some thirty-three hours, and released. No charges were filed against him, during or subsequent to his said imprisonment.

The Nueces county officers testified that they jailed appellant and held him for investigation. It is undisputed that the local officers were at all such times in charge of appellant, either on their own suspicions or for the purpose of aiding the appellee as sheriff of Refugio county in the investigation of the bank robbery. These occurrences took place in the month of February, 1932.

On May 31st, thereafter, appellant instituted this suit. None of the Nueces county officers were made parties defendant. In his original petition appellant joined appellee's official bondsmen. They were omitted in the amended petition, upon which the cause went to trial, and appellant prosecuted the suit against appellee, not in his official capacity as sheriff of Refugio county, but as an individual. Appellant asked for $5,000 actual and $5,000 exemplary damages.

Upon the trial, the jury returned a verdict on special issues in which they found: That appellee, acting with several other persons, arrested appellant at his home in Corpus Christi, on February 15, 1932, and searched his premises then occupied by himself and wife as their place of residence; that the search of appellee and the others with him was not confined to the room at appellant's residence occupied by Bill Cartwright; that appellant sustained no actual damages as the result of the acts and conduct of appellee; that the appellee willfully and maliciously detained appellant, acting for himself and with several other persons acting under his direction; and that appellant should recover no amount of money from appellee as exemplary damages.

Appellant's chief contention on this appeal relates to the issues as submitted, and the action of the court in refusing to submit certain instructions to the jury.

■ A case may be submitted either on a general charge or upon special issues. Articles 2185, 2186, R.S.1925. If the case is submitted upon special issues, the provisions of articles 2189, Rev.St.1925, and art. 2190, as amended by Acts 1931, c. 78, § 1 (Vernon's Ann.Civ.St. art. 2190), must be complied with. In such case the court is prohibited from giving a general charge to the jury. McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213.

In connection with the issues which were submitted to the jury in this case, the court also submitted proper and sufficient definitions and instructions, as prescribed by law, to enable the jury to answer the questions intelligently.

■ Appellant contends that, under the evidence as adduced on the trial, there was no dispute about the fact of appellant's being arrested, searched, and imprisoned; that there was no justification shown therefor; wherefore, for such reasons, he says no issues of fact as to the alleged false imprisonment should have been presented to the jury. He contends that the court should have peremptorily instructed the jury to find against appellee on all the questions of false imprisonment, and in connection with such instruction the court should have "required the jury to assess the amount of damages appellant sustained by reason of such false imprisonment."

It may be conceded that, under the record before us, appellant was unlawfully arrested and imprisoned. Nevertheless, the pleadings and evidence offered by appellee on the trial were to the effect that he was not guilty of any of such acts, nor was he responsible for the alleged wrongs suffered by appellant. There is much testimony in the record to the effect that appellee had nothing to do with the arrest, search, and imprisonment of appellant. In fact, several witnesses, other than appellee, testified such to be the case. Clearly, then, said disputed issues of fact, on all such questions, were raised in the evidence; and the court properly submitted all such issues to the jury for its determination. Young et al. v. Blain (Tex.Com.App.) 245 S.W. 65.

This case being submitted on special issues, it was the duty of the court to submit to the jury "all the issues made by the pleadings and evidence." In compliance with

such duty the court undertook to submit all questions and issues thus raised. Any issue not submitted, and not requested by either party, or brought to the attention of the court, is deemed as found by the court in such manner as to support the judgment. Article 2190, R.S.1925, as amended by Acts 1931, c. 78, § 1 (Vernon's Ann.Civ.St. art. 2190).

Attention is called to the fact that appellant alleged that appellee "acting with several other persons," committed the alleged wrongs for which he asked damages in this case. The record shows, not only by the testimony of appellee, but by several other witnesses—including the peace officers of Nueces county, who admitted they actually searched the premises and placed appellant and Cartwright in the Nueces county jail —that appellee's claim and contention is that he did not in fact commit any of the alleged wrongs against appellant. Under such evidence and particularly the admission of the peace officers of Nueces county, there was conflicting testimony, to say the least of it, as to who was in fact responsible for the wrongs of which appellant complains. The Nueces county officers testified at length and explained that they placed appellant under arrest and in jail "for investigation," and they completely exonerated appellee from any connection with or responsibility for such acts against appellant. The testimony of appellant and his witnesses was directly to the contrary.

As above indicated, none of the local officers were made parties defendant to this suit. The court could not have properly refused to submit all the issues which were in fact submitted to the jury in this case. The jury, under the issues submitted, and based upon the testimony given on the trial, must have concluded that the officers, other than appellee, were in fact responsible for the wrongs committed against appellant, notwithstanding the answers they made to the several questions they were called upon to determine. We do not overlook the fact that the jury found that appellee, acting with other persons and that other persons acting under his directions, committed the act of which appellant complains. At the same time, in the trial of the case to which appellee only was made a party defendant, the jury found that appellant suffered no damages, either actual or exemplary, which they attributed to the acts and conduct of appellee. The jury found on direct issues submitted to them, under proper and suffi-

cient instructions and definitions, that appellant was not entitled to recover any amount by reason of the conduct of appellee.

We are not called upon to speculate as to what might have been the outcome of this trial, or what the jury might have found if the other officers, who admitted they actually arrested, searched, and imprisoned appellant, had been made parties defendant to this suit. Their omission as parties in this case by appellant is an important circumstance, under the record before us, but is one for which appellant is responsible. We here refer to this situation because appellant, in his brief, charges and complains that the Nueces county officers are endeavoring in this case to "take the rap" for appellee.

In view of the facts of the case, as shown by the record, and such complaint on the part of appellant, it is not improper to give some thought to the omission of the Nueces county officers from the suit. Their acts and conduct, and the fact that they were the parties who actually placed appellant in jail, is fully contained in and reflected by the transcript of the testimony of all the witnesses and the parties; all of which was before the jury and under which, together with other evidence, they exonerated appellee of any claim on the part of appellant to damages.

■ As above pointed out, all of the material issues, as made by the pleadings and the evidence in this case, were submitted to the jury under proper and sufficient instructions and definitions. The answers of the jury to all such questions are clear and definite. The trial court, under such circumstances, is without authority to ignore the findings of the jury in favor of one party and to enter a judgment for the other party, in the absence of a record and situation where a peremptory instruction should have been given at the close of the testimony. Clearly, under the record before us, such peremptory instruction would not have been proper in this case. Freeman v. Schwenker (Tex.Civ.App.) 73 S. W.(2d) 609, and cases cited.

■■ Appellant complains of the action of the trial court in refusing to submit to the jury his tendered special instruction, or charge, as follows: "You are instructed that, in this case, the plaintiff is entitled to recover damages in some amount as a matter of law, and you are, therefore, directed

to return your verdict in favor of the plaintiff and against the defendant for such amount of money, if paid now, as will fairly compensate the plaintiff for embarrassment, humiliation, anxiety, mental suffering and worry, if any suffered by the plaintiff and his wife, or either of them, if any you find they did so suffer, and further for such damages, if any, the plaintiff suffered to his reputation, as the natural and proximate result of his detention and imprisonment on or about the 15th day of February, 1932, and let your verdict be: 'We, the jury, find in favor of the plaintiff and against the defendant the sum of ———— Dollars as actual damage sustained by the plaintiff.' "

It is apparent that such specially requested instruction is not such an instruction as is proper or permissible in a case submitted on special issues. As a matter of fact, it seems plain that this requested instruction is, in reality, a general charge, and seems to be in the nature of a motion for a directed verdict in favor of appellant, together with a request for an issue on "nominal damages," without appellant assuming the responsibility and hazard in connection with such request. Clearly, if appellant desired an issue on the question of nominal damages and costs, he should have, at the proper time and in the manner provided by law, made a direct request of the court for such issue. If the court had then refused to submit such an issue, appellant might have reason to complain. Instead, he failed or declined to request such issue, and we observe, in passing, that he may have had good reason for such refusal. If such an issue had been submitted to the jury at the request of appellant, the jury might have concluded that appellant was not serious in his contention that he had suffered substantial damages, as he alleged. That hazard or decision, however, is one that appellant could either waive, or take the chance and consequent responsibility of asking its submission; and having chosen to waive such issue, he cannot now complain of the failure of the court to submit it.

The court did, in fact, in the charge and through issues submitted under proper instructions and definitions, instruct the jury to find the actual and exemplary damages, if any, sustained by appellant in this case. In the absence of a request from the appellant, or a special issue on the question of nominal damages and costs, it was not er-

ror on the part of the trial court to refuse to instruct the jury as requested in the general charge or directed verdict tendered by appellant. Appellant's contention is therefore overruled. Article 2190, R.S. 1925, as amended Acts 1931, c. 78, § 1 (Vernon's Ann.Civ.St. art. 2190).

We are not unmindful of the rules established in the several cases cited and discussed in appellant's brief to the general effect that where an unlawful arrest has been made or where a person has been imprisoned, and no justification is shown therefor, which fact is undisputed or established by competent evidence and findings, such wronged person is presumed to have suffered some damage and is entitled, as a matter of law, to recover at least a nominal amount as damages, together with his costs. However, a person may not recover even nominal damages and his costs in such a case if he does not ask for the same in the manner provided by law. That is, in a case such as here, a party cannot waive or refuse to ask for a special issue or instruction on the question of nominal damages—take his chance with the jury to recover substantial damages—and then thereafter claim the benefit of the law entitling him to such instruction for merely nominal damages and costs.

It is apparent from the record before us that appellant was not interested in, and for that reason did not request, an instruction on the issue of nominal damages. He was interested in, and earnestly contended for, substantial damages against appellee. The jury found that he suffered no damages as a result of any act or conduct on the part of appellee—either actual or exemplary. Furthermore, appellant is prosecuting this appeal on a pauper's affidavit, as authorized, it is true, by law and approval of the trial court. A finding by the jury and judgment of the court in his favor for nominal damages and costs would, therefore, have been of no substantial benefit to him, and he suffered no monetary loss, under such circumstances from the verdict and judgment in the case. He appeals without cost to himself. For such reason it was perhaps good judgment on the part of appellant, and his counsel, to avoid the hazard which would accompany a request by him for an issue as to nominal damages and to take the longer chance of a verdict in his favor for a substantial amount. His waiver and avoidance of the hazard, however, was a matter of his own choice,

made on his own responsibility, and does not change the rules of law relating to the submission of special issues.

If appellant is correct in the contention he makes with reference to the failure of the court to give the special charge which he requested, then it seems clear that he should have, by proper motion, after the return of the verdict by the jury, asked the trial court to fix the amount of his damages in a nominal sum, and to have rendered judgment in his favor. That is, plaintiff contends that he was entitled, as a matter of law and under the facts of this case, to a directed verdict in "some amount," and that the trial court should have so instructed the jury, leaving the amount of his damages alone to be determined by the jury. As above shown, the jury found under proper instructions and definitions that appellant suffered no damages, as a matter of fact; and returned their verdict accordingly. The court was without authority, under such findings of the jury, to enter judgment in favor of appellant for any sum, other than a nominal amount. If, as a matter of law, under other and separate findings of the jury, the court should find that appellant was entitled to nominal damages and costs, then appellant could have and should have filed an appropriate motion, after the return of the jury's verdict, asking the court to enter judgment based on such other findings for a nominal amount.

Once again, appellant declined to file such motion, or make such request of the trial court, and he cannot for that reason, in this court, now complain of the judgment as entered by the court below.

It is significant, furthermore, that appellant does not here now ask this court to render the judgment which, under the law, should have been rendered in the trial court. Appellant has the right or privilege of not asking for judgment for a nominal amount in hope that he may get another chance with a jury for a substantial recovery.

In a case where the record shows that a party is entitled only to nominal damages, and he makes no request for a judgment therefor in the trial court, such case will not be reversed merely to permit the jury to award nominal damages. Freeman v. Schwenker, supra; Northcutt v. Hume (Tex.Civ.App.) 174 S.W. 974; Major v. Hefley-Coleman Co. (Tex.Civ.App.) 164 S.W. 445; Von Schoech v. Herald News Company (Tex.Civ.App.) 237 S.W. 651.

It is our opinion, therefore, that the judgment of the trial court, as presented on this appeal, must be affirmed, and it is so ordered.