**CLARK et al. v. JONES.**

No. 2290.

Court of Civil Appeals of Texas. Eastland.

Sept. 25, 1942.

Rehearing Denied Oct. 16, 1942.

H. J. Brice, of Snyder, for appellants.

Carl M. Anderson, of Sweetwater, for appellee.

GRISSOM, Justice.

G. B. Clark, Sr., et al. instituted this suit against W. L. Jones to recover the unpaid installments of rent alleged to be due them by W. L. Jones for the rent of a building. Plaintiffs alleged that about April 1, 1939, they rented the first floor of their store building to defendant for a term of three years, beginning May 1, 1939, and ending the 30th day of April, 1942, for a consideration of $2,700 for said term, payable in thirty-six monthly installments of $75 each, and that about June 1, 1942, defendant moved from the rented building and refused to pay the remaining monthly rent installments for June 1, 1941, to April 1, 1942, aggregating $825. Plaintiffs alleged that "as a prerequisite to the entry of possession by defendant as lessee of said premises the Plaintiffs agreed to and with defendant that they would make certain repairs and improvements upon said mercantile building * * * at a cost of $1,201.21, and Defendant approved said repairs and improvements and entered into possession of said premises * * *".

Defendant, among other things, answered that if the rental agreement was made, as alleged by plaintiffs, that it was oral, contrary to the Statute of Frauds, Art. 3995, pleaded as a defense. By supplemental petition plaintiffs alleged "defendant is estopped to plead the provisions of Art. 3995 * * * as a defense * * *". To such plea of estoppel defendant excepted "because the same states no facts by reason of which this defendant is alleged to be estopped to plead the provisions of Art. 3995 * * * and this Defendant is therefore not apprised of what is sought to be proved * * * so as to be able to prepare his defense * * *".

At the conclusion of the testimony defendant filed a motion for an instructed verdict, which was marked "Given" by the trial court. However, the record discloses such instruction was not actually given to the jury, but that the court discharged the jury and rendered judgment for defendant. The judgment recites that at the conclusion of the testimony and argument it appeared to the court there was no question of fact to submit to the jury and therefore the jury was discharged and judgment rendered for defendant, and that the court was of the opinion defendant's motion for an instructed verdict should have been granted and that defendant as a matter of law was entitled to the judgment rendered. Plaintiffs have appealed.

The points presented for the reversal of the judgment are that the court erred in refusing to give plaintiffs' requested Special Issues Numbers 1, 2 and 3, and that the court erred in failing to make and file with the clerk findings of fact and conclusions of law. The 4th and 5th points are overruled because the supplemental

transcript discloses the trial court did make and file with the clerk findings of fact and conclusions of law. The special issues requested by the plaintiffs, the refusal of the submission of which constitute the basis of points 1, 2, and 3, are not shown in appellants' brief. However, we have given careful consideration to such requested issues, shown in the transcript, and conclude there was no error in refusing their submission. We are of the opinion that the questions of fact therein presented were undisputed, and that they present no controlling issue, the answer to which could have been made the basis for the judgment.

 The record discloses that the building was rented by plaintiffs to defendant for a period of three years, as alleged by plaintiffs; that defendant moved from the premises before the expiration of the three-year period and refused to pay the final rent installments. Plaintiffs testified that the lease contract was not in writing and that there was no written memorandum thereof. Defendant testified, in substance, that during the early part of the rental period, when times were good, he demanded a written contract which was not furnished, and that thereafter, when times got bad, plaintiffs tendered a written contract which he refused to sign. The court so found the facts to be. Article 3995 provides that no action shall be brought in any court upon a contract for the lease of real estate for a longer term than one year unless the agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized. Plaintiffs' testimony and the undisputed evidence show that the contract sued upon was oral. It is in violation of the statute and cannot be enforced against a defendant asserting the statute as a defense. The only ultimate issue that could have existed under the circumstances was as to the existence of facts that would constitute a fraud upon plaintiffs if the contract were not enforced. Ward v. Etier, 113 Tex. 183, 251 S.W. 1028; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216. No error is assigned, or point presented, contending that such an issue should have been, or was requested to be, submitted to the jury. Furthermore, we find no facts alleged and no facts disclosed by the testimony raising such an issue.

Allegation and proof that prior to occupation of the building by defendant plaintiffs borrowed money and repaired the building, standing alone, was certainly insufficient to raise the issue.

In the absence of a material issue of fact certainly no reversible error was committed when the court, contrary to the usual procedure, failed to instruct the jury to return a verdict for the defendant, but discharged the jury and rendered judgment for defendant. Zachary v. City of Uvalde, Tex.Com.App., 42 S.W.2d 417, 419; American Surety Company v. Hill County, Tex.Com.App., 267 S.W. 265, 268; Handy v. Olney Oil & Refining Company, Tex.Civ.App., 68 S.W.2d 313, writ refused; Fitts v. Carpenter, Tex.Civ.App., 124 S.W. 2d 420; Zachary v. Homeowners Loan Corporation, Tex.Civ.App. 117 S.W.2d 153 writ dismissed.

After careful consideration of the entire record we conclude the court rendered the only judgment which, under the pleadings and evidence, could have been properly rendered. The judgment is affirmed.