## MATTHEWS–CARR v. BROWN EXP.
### No. 4592.

Court of Civil Appeals of Texas. El Paso.
Nov. 10, 1948.

Bonney, Paxton & Wade and Neil Brans, all of Dallas, for appellant.

Callaway & Reed, of Dallas, for appellee.

McGILL, Justice.

By this suit appellant sought to recover from appellee, a common carrier, damages in the amount of $1,646.40 growing out of six interstate shipments of cases of Mexican chewing gum. Trial was to a jury, but after both parties had closed, the court over objection of appellant discharged the jury and rendered judgment that plaintiff take nothing and that defendant recover of plaintiff its costs.

All the shipments originated at Laredo, Texas. At all relevant times appellant was a partnership, all the members of which resided in the state of Missouri. The partnership maintained an office in Kansas City, Missouri, and was engaged in the wholesale confectionery business, selling to retailers in various places throughout the United States. It imported the chewing gum in question from Mexico, and prior to the shipment stored it at Laredo in a warehouse maintained by appellee. When it received an order for gum it would direct appellee to make the shipment. Appellee would issue a bill of lading receipting for the gum, showing that it was consigned to the order of appellant at the

destination specified in the order, with provision to notify the customer. The bill of lading was then sent to appellant, endorsed by it and with invoice and draft attached forwarded to a bank at the place of destination with instructions to deliver the bill of lading to the customer upon payment of the draft.

In August 1945 appellee issued bills of lading covering the first five of the following shipments of Mexican chewing gum, with number of cases, destination and customer as indicated; the bill of lading covering the 6th or last shipment was issued in October, 1945:

| No. of cases. | Destination | Notify |
|---|---|---|
| 8 | Clarksburg, W. Va. | City Candy Company |
| 5 | Dunn, North Carolina | Welborn & Co. |
| 3 | Evergreen, Ala. | Griffin Wholesale Co. |
| 6 | Flomaton, Ala. | Flomaton Wholesale Co. |
| 3 | Wadesboro, N. C. | Allen Bennet Co. |
| 3 | Albuquerque, N. M. | M. Vaio & Sons. |

The evidence was sufficient to show that the gum shipped to Clarksburg, Evergreen and Flomaton was never delivered, nor was delivery tendered to the customer; that the cases shipped to Wadesboro on arrival were found to be torn and soiled and some of the gum was missing and acceptance was refused by the customers; that of the three cases shipped to Albuquerque delivery of two cases was tendered to but refused by the customer because of the shortage. There was no evidence as to the shipment to Dunn, N. C. Appellant never received payment for any of the shipments, nor were any of the shipments returned to it.

A brief reference to plaintiff's pleading is deemed advisable. After alleging that it contracted with defendant as a common carrier to transport the gum to the destinations above specified and the issuance of the bills of lading therefor it averred: "* * * that by virtue of the nature of the articles of confectionery as described in the bills of lading issued by the defendant, the defendant was placed upon notice that such articles of confectionery were of a perishable nature and were to be and should have been transported to their destination with the least practicable delay;"

The cause of action asserted was for breach of contract because of failure of defendant to deliver the chewing gum at the various destinations with the least practicable delay, or within a reasonable time after acceptance thereof, by reason of which the gum was spoiled and became unfit for human consumption and the customers refused to accept it. In an alternative plea the failure to transport and deliver with the least practicable delay or within a reasonable time was alleged to be negligence which was a proximate cause of the damage.

At appellant's request the court filed findings and conclusions. Finding (9) is: "9. In all the states named herein Mexican chewing gum was sold by Matthews-Carr for $60.00 per cases less 2% discount. There was no testimony as to the cash market value of the Mexican chewing gum at the various points of destination where the consignees were located, either in the condition in which it should have been delivered or in its damaged condition."

Among the conclusions why plaintiff was not entitled to recover from defendant are:

"(1) Testimony of the amount at which individual sales of Mexican chewing gum was sold in the various states to which shipments were sent to certain destination points therein was insufficient to establish the cash market value of the Mexican chewing gum in good condition at the destination points to which each shipment was sent.

"(2) There was no testimony as to the cash market value of the gum which arrived at destination points in a damaged condition.

"(5) There was no proof that the gum was in good (condition) at the time the shipments were turned over to Brown Express, Inc. for transportation."

There is no question but that the only evidence as to the value of the chewing gum was that embodied in finding (9). This finding is based on the testimony of appellant's general manager in Kansas City; nor can there be any question that the value sought to be established by this testimony was the wholesale market value

of Mexican chewing gum at destination in good condition. Appellant so concedes in its brief.

The shipments in question being interstate, liability is governed by the Interstate Commerce Act, 49 U.S.C.A. § 20(11), which provides that the carrier shall be liable to the holder of the bill of lading "for any loss, damage or injury to such property" and "for the full actual loss, damage or injury to such property" caused by it or connecting carriers. This has been held to imply that the carrier is liable for the full actual loss which generally means the value of the property at the point of destination at the time the delivery should have been made. Meletio Sea Food Co. v. Gordons Transports, Mo.App., St. Louis, 191 S.W.2d 983 and authorities there cited.

This may or may not be a market value (id.). It is true that appellant alleged that the amount it claimed as damages was the fair and reasonable market value of the chewing gum. However, the partnership was not required to allege the measure of its damages. 13 Tex.Jur. p. 314, Sec. 170.

Where the facts are set up in the pleadings and the cause of action as alleged is supported by the evidence it is the duty of the court to instruct the jury as to the proper measure of damages, or in the absence of a jury to apply the proper measure. In the view we take of the case it is unnecessary to determine whether evidence of sales by appellant of Mexican chewing gum in the various states at $60 per case less 2% discount was sufficient to raise an issue as to the wholesale market value or the actual value of the gum. It is clear that if any value can be established by such evidence it is a value of the gum in good condition—not in a spoiled condition rendering it unfit for human consumption. By conclusion (5) the court found that there was no proof that the gum was in good condition at the time it was turned over to appellee for transportation. In this conclusion we concur. There is no evidence of the length of time the gum had been in storage at Laredo before it was shipped. Plaintiff alleged that it was of a perishable nature. Appellant's general manager testified that there were 40 boxes of gum in a case. It is true that the bills of lading which were introduced in evidence recite receipt of the property "in apparent good order except as noted (contents and condition of contents of packages unknown)".

Such recital was not evidence as to the actual condition of the gum but only as to the external condition of the boxes in which it was shipped. Gulf, C. & S. F. Ry. Co. v. Holder, 10 Tex.Civ.App. 223, 30 S.W. 383; 7 Tex.Jur. p. 25, Sec. 13; 9 Am.Jur. p. 679, Sec. 422; Arwady v. Texas & N. O. R. Co., La.App., 18 So.2d 339; Gramling Electric Refrigeration Inc., v. Southern Ry. Co., 155 S.C. 394, 152 S.E. 670.

In order to recover any amount as actual damages for loss, damage or injury to the gum caused by appellee it was incumbent upon appellant to make a prima facie showing that the gum was in good condition when received by appellee for shipment, since there was no evidence as to the value of any gum in a spoiled or damaged condition. Such showing was an essential element of appellant's case. Without it there could be no recovery except perhaps for nominal damages. The record shows that appellant made no request in the trial court for a judgment for nominal damages and costs; it makes no request for such judgment in this court. Therefore it has waived any right it may have had to such a judgment.

Allbritton v. Mading's Drug Stores, Tex. Civ.App., 138 S.W.2d 901; Payne v. Holmes, Tex.CivApp., 151 S.W.2d 359, Wr. Dis., judgment correct.

The judgment is affirmed.