**ARNOLD et al, v. TARRANT BEVERAGE CO. et al.**

**No. 12020.**

Court of Civil Appeals of Texas. Galveston.

Nov. 18, 1948.

Rehearing Denied Dec. 23, 1948.

C. M. Wilchar, Jr., and John C. Harris, Jr., both of Houston, for appellants.

Ladin & Lieberman, of Houston, for appellees.

CODY, Justice.

This was a suit brought by appellants, who were retail liquor dealers, against appellees, who were distributors, to recover as damages the amount of profits on alleged lost sales which appellants declared resulted from the breach of an alleged contract of sale of a quantity of Seagram's 7-Crown whiskey. At the conclusion of appellants' (plaintiffs') evidence the court granted appellees' (defendants') motion for directed verdict and rendered judgment for appellees that appellants take nothing by their suit.

For the purpose of this appeal, it is sufficient to say of the allegations of appellants' petition that they were to the effect that appellees, acting through their agent thereunto duly authorized on or about July 8, 1946, entered into a contract of sale, and bound themselves to deliver appellants 30 cases of Seagram's 7-Crown whiskey monthly for a period of 18 months, or a total of 540 cases during said period, beginning in July, 1946; that appellants deposited with appellees' said agent, as bound by the terms of the contract so to do, a deposit of $3,240.00; that the cost to appellants of the whiskey under said contract was $3.65 per bottle of one-fifth gallon; and that appellants would have made a profit of $1.05 per bottle but for the breach of the contract by appellees. It is sufficient to say of appellees' answer, that it consisted of a general denial, and specially denied authority of its employee to make a contract on their behalf for the delivery of whiskey over a period of time, etc.

Appellants present a single point for the reversal of the court's judgment; namely, that the court's action in directing the verdict for appellees in response to appellees' motion constitutes reversible error.

## Opinion

■ The motion of appellees for directed verdict complied with Rule 268, Texas Rules of Civil Procedure, which provides that such a motion shall state the specific grounds therefor. If such motion did in fact state specific grounds which entitled appellees to a directed verdict, and had the court refused same, appellees could have predicated error upon such refusal. See Harvey v. Elder, Tex.Civ.App., 191 S.W.2d 686, 687, writ refused, and authorities there cited. The motion which was filed by appellees did not, in this case, specify as one of the grounds for directing the verdict, that the evidence was insufficient to go to the jury on the issue of the authority of their agent to make the contract sued on. The judgment of the court expressly states that the directed verdict was granted upon appellees' motion therefor. We must hold that, if the evidence was in fact insufficient to go to the jury on the issue of authority, appellees waived such insufficiency, and the trial court excluded such issue by granting the motion upon the grounds specified. The issue therefore of the authority of the agent is not in the case on appeal.

■ It is true that, before Rule 268 was adopted the appellate court might, if it was concluded on appeal that the trial court apparently instructed the verdict for a wrong reason, determine from the record that the verdict should have been directed for another reason, and affirm the action directing the verdict. But before the adoption of Rule 268, it was not the usual practice, and it was certainly not required to specify in the motion for directed verdict, the specific grounds therefor. The common law practice, which is now obsolete in Texas, was for the defendant to demur to the evidence. But the common law demurrer to the evidence carried with it, as an incident, that the judge should decide the case on this basis, that if the demurrer was well taken the judg-

ment should be for the defendant, but if not well taken, judgment should be for the plaintiff. The advantage of the motion to direct a verdict carried with it, as an incident to it, the demurrer to the evidence, but not the danger of having judgment rendered against the movant if he was mistaken in his right to have a directed verdict. The purpose in adopting Rule 268 was remedial, and for the benefit of the plaintiff, and the courts.

■ Prior to the adoption of the rule, the defendant had it in his power to make a motion in general terms which would not disclose the grounds. If the motion was overruled, and was nevertheless good for some undisclosed reason, this reason could be disclosed on appeal where plaintiff might not be able to take any steps to meet such ground. The rule does not take from the court its inherent power to take the case from the jury and decide the case on a point of law, but a court would not take such action without disclosing the ground thereof. Where, as in this case, the court expressly grants the motion, and directs the verdict, the appellate court can know from the record the basis of the action, and be relieved of the labor of examining matter which was never presented to the trial court. The new rule is fair to the plaintiff, fair to the trial and appellate courts, and deprives the defendant of no advantage that he ought to have. Of course, a plaintiff can waive compliance with the rule by not excepting to a motion that does not comply with the rule. See the Elder case, supra, and Baylor v. Eastern Seed Co., Tex.Civ.App., 191 S.W.2d 689.

■ The appellees contend, in their motion for directed verdict, that the evidence was insufficient to support a judgment for damages for lost profits, and thereupon urged their said motion. Even if their contention be sound, and we may say that we have tentatively concluded that it is sound, it does not follow that appellants were not entitled to recover a judgment for nominal damages for the violation by appellees of appellants' contract rights. See Raymond v. Yarrington, 96 Tex. 443, 72 S.W. 580, 73 S.W. 800, 62 L.R.A. 962, 97 Am.St.Rep. 914; White v. Beaumont

Implement Co., Tex.Civ.App., 21 S.W.2d 559; Wright v. Davis, Tex.Civ.App., 193 S.W.2d 294. In response to the motion, the trial court should have rendered judgment awarding appellants nominal damages, and awarding costs against appellees. We have been in doubt as to whether we should apply the rule to render the judgment here that the trial court should have rendered, or whether we should reverse and remand the cause for a new trial. We invite the parties on motion for rehearing to cite authorities on this point. The authorities which we have examined show that the appellate court reversed and remanded the cause, without further comment, and did not discuss the propriety of the appellate court, reversing the judgment of the trial court, and rendering judgment for the appellants for nominal damages, and costs.

The judgment is reversed and cause remanded.