## WAFER v. EDWARDS.

### No. 15343.

Court of Civil Appeals of Texas. Fort Worth.

April 11, 1952.

Rehearing Denied May 9, 1952.

Butler & Williams and Hubert L. Stone, Jr., all of Robstown, for appellant.

Cline & Cline, of Wharton, for appellee.

RENFRO, Justice.

This suit was brought in the District Court of Wharton County by appellant Wafer against appellee Edwards for actual and exemplary damages growing out of the breach of a share-crop lease contract. The lease was for a five-year period beginning in 1950, covering a 37-acre tract of land. The appellant farmed the tract in 1950, but the appellee would not permit him to cultivate said land for the balance of the lease term.

Trial was had to the court without a jury and resulted in a judgment for appellee. The court filed extensive findings of fact and conclusions of law. The findings that the appellee breached the contract, but that appellant introduced insufficient evidence to support an award of damages, are the only findings material to this appeal.

Appellant contends the court erred in refusing to make twenty-eight fact findings requested by the appellant, his position being that some of appellant's testimony concerning reasonable profits he would have made in the future is uncontradicted and that the court could not disregard said testimony.

We have examined the entire statement of facts and find that the testimony supports the court's judgment. The appellant, by his own admission, failed to make any profit during the one year he performed under the contract, but in fact lost money. Although he testified that he would have made a profit in future years, he could give no reasonable explanation why he would be in better position to make a profit the remaining four years than he was during the one year he actually cultivated the land. His testimony concerning future profits was highly speculative. The trier of the facts is not ordinarily bound by the uncontradicted testimony of an interested witness unless the testimony is clear, direct, positive and free from contradiction, inconsistencies and suspicion. We find that appellant's testimony was not of such nature as to require its being taken true as a matter of law.

The appellant claims that since the trial court found that appellee breached the contract, it was mandatory that the trial court award at least nominal damages to appellant.

The record does not show that the appellant at any time requested the court to enter a judgment in his favor for nominal damages. In the absence of such request, the appellate court will not reverse the case merely to permit the award of nominal damages. Mitchell v. Heard, Tex.Civ.App., 98 S.W.2d 832; Allbritton v. Mading's Drug Stores, Inc., Tex.Civ.App., 138 S.W.2d 901; Biggs v. Loyd, Tex.Civ.App., 177 S.W.2d 1020, error refused, w. m.; De Garza v. Magnolia Petroleum Co., Tex.Civ.App., 107 S.W.2d 1078; 3–B Tex.Jur., p. 524, sec. 973.

Finding no reversible error in the record, we affirm the judgment of the trial court.