**CITY LINCOLN MERCURY, Appellant,**

v.

**Manuel YBARRA, Appellee.**

No. 15318.

Court of Civil Appeals of Texas.

Dallas.

Nov. 1, 1957.

Rehearing Denied Dec. 13, 1957.

Irion, Cain, Cocke & Magee, Cecil G. Magee, Dallas, for appellant.

J. P. Moseley, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Manuel Ybarra as plaintiff sued appellant City Lincoln Mercury for alleged fraud in connection with the purchase by Ybarra of a 1955 model Mercury Montclair automobile.

Appellee pled that he had been induced to sign a contract in blank and that the blank spaces had later been filled out contrary to the terms to which he had agreed.

Appellee testified that the purchase price of the car was $2,500. On a time payment basis the terms agreed to were as follows: $400 cash, allowance of $600 on Ybarra's old car, and the execution by Ybarra of a note payable $65.50 per month for a period of thirty months.

The dealings between the parties began on Monday, July 2, 1956 at about 8:00 o'clock P.M. and were concluded about 10:00 o'clock the same day. Ybarra says that after he orally agreed to buy the car on the terms above stated, he paid $80 in cash, and was then driven to his home by appellant's salesman, where he obtained the other $320 necessary to make the $400 cash payment. Upon returning to appellant's car lot, he signed the purchase papers in blank in appellant's office. Sometime later he was handed his copy of the contract, not in appellant's office, but in the darkness of appellant's car lot. Believing the contract had been filled out in accordance with his oral agreement, he put it into his pocket without trying to examine it, and drove home in his newly purchased car.

He testified that he did not discover that the papers had not been filled out in accordance with the terms agreed upon until the following Friday, when his brother looked at his copy of the contract and called his attention to a serious discrepancy. The contract had been filled out to show a $200 allowance on his old car and monthly payments of $79.68 per month for thirty months.

He at once went to appellant's office and protested, but to no avail. A few days later he received a notice from Associates Investment Company informing him that the Company had purchased his note and payments were to be made to the Company.

Ybarra further testified that he does not speak English well and that his wife, who accompanied him on the occasion in question, does not speak English at all. In their home Spanish is spoken. He never attended school, but his father taught him at home to read and write in Spanish and to read figures. He can read only a few words in English.

Material parts of the above testimony of Ybarra were contradicted by the testimony of appellant's salesman, but the verdict of the jury plainly shows that the jury accepted Ybarra's version of the dealings between the two parties.

A jury found that (1) appellant's salesman represented to appellee that appellant would sell him a car in exchange for appellee's old car, $400.00 cash and a note for $65.50 a month for thirty months; (2) appellant did not furnish appellee a car on said terms; (3) said salesman was acting for appellant; (4) said representation was false; (5) was relied on by appellee; (6)

induced Ybarra to sign the agreement; (7) to Ybarra's damage; (8) in the amount of $425.40; and (9) that when appellee signed the written agreement it did not contain the provision for payments of $79.68 per month.

■ Appellant's first and sixth points on appeal are to the effect that appellee failed to plead or prove a proper measure of damage. In support of these points appellant cites the case of George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 804 (followed by this Court in Collier v. Bankston-Hall Motors, Tex.Civ.App., 267 S.W.2d 898), wherein it is held that the proper measure of damages in certain types of fraud cases is "the difference between the value of that which he has parted with, and the value of that which he has received under the agreement."

In our opinion the rule laid down in George v. Hesse, supra, is not applicable in this case. Here appellee does not allege fraud as to the type or value of the automobile involved. He does not, for example, say that the car he bought was misrepresented to him as to what year model it is, or as to whether there was a radio in it. He is satisfied with the kind, quality and value of the car. His only complaint really is that appellant, after accepting his old car and $400 cash, wrote in the sum of $79.68 as the amount of each of the thirty monthly payments, whereas the agreement was that he was to pay $65.50 per month for thirty months. The difference in the total amount is easily figured: It is $425.-40, which sum is exactly what the jury found appellee's damages to be. Appellant's first and sixth points are overruled.

■ In its second point appellant complains that special issue No. 1 inquires as to whether appellant's salesman represented that appellant would sell *a* car on the named terms, hence the answer of the jury does not constitute a finding as to the particular car actually sold and delivered to appellee.

While the issue as worded is subject to objection on the grounds given, under the circumstances the defect constitutes only harmless error. The facts are undisputed as to the automobile which was the subject of the negotiations between the parties and which appellee agreed to purchase. The record before us leaves no doubt as to the identity of the only automobile involved in this dispute. Appellant's second point is overruled.

■ In their third point appellant says that by accepting delivery of the car here involved after having received a copy of the written contract, appellee ratified the contract as a matter of law. We see no merit in this contention. There is no finding by the jury or the court that appellee had knowledge of the contents of the written contract at the time he accepted delivery of the 1955 Mercury automobile. 10 Tex.Jur. 108–110. Appellant did not request the submission of any issues and no issues were submitted with reference to the facts necessary to establish ratification. Rule 279, Texas Rules of Civil Procedure. We overrule appellant's third point.

■ Appellant in its fourth and fifth points contends that appellee, having received and examined a copy of the contract prior to taking delivery of the car, is charged with knowledge of its contents, and is now estopped, as a matter of law, from claiming fraud, and by his testimony sought improperly to vary the terms of a written instrument.

Appellant did not plead estoppel 17 Tex. Jur. 146, nor did it request submission of issues on estoppel. Certainly it cannot be said in the face of the conflicting testimony presented in the record that appellee was estopped as a matter of law from claiming fraud. This is not a case in which appellee by his parol evidence violates the rule against varying the terms of a written instrument. This is a case in which appellee pleads and testifies that his signature to the

written instrument was obtained by fraud. Commercial Jewelry Co. v. Braczyk, Tex. Civ.App., 277 S.W. 754; 37-A Tex.Jur. 174. Appellant's fourth and fifth points are overruled.

In our opinion appellant's points do not present reversible error. The judgment of the trial court is affirmed.